USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

OLIVIA RUX et al.,

                    Petitioners,

      -against-

ABN-AMRO BANK, N.V. et al.,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 08 Civ. 6588 (AKH)

**JUDGMENT AND ORDER
DIRECTING TURNOVER OF
FUNDS TO PETITIONERS AND
DISCHARGE OF RESPONDENTS**

       On February 19, 2009, this cause came before the Court for oral argument on Petitioner's Motion for Immediate Turnover of Funds. The Court heard argument of counsel and considered the record, including all papers filed by the parties and all prior proceedings herein. Based upon the foregoing, it is hereby ordered and adjudged that Petitioner's Motion for Immediate Turnover is granted as set forth more fully below.

**Proceedings in the United States District Court for the Eastern District of Virginia**

       On October 12, 2000, seventeen American sailors lost their lives when agents of Al Qaeda bombed the U.S.S. Cole while it was peacefully berthed and being re-supplied in Aden, Yemen. On July 16, 2004, surviving family members filed an action for damages against the Republic of Sudan ("Sudan") in the United States District Court for the Eastern District of Virginia. Ultimately, Timothy Sceviour was added as a party, as the personal representative of the deceased sailors, as required by the Death on the High Seas Act.

       The United States District Court for the Eastern District of Virginia denied Sudan's motion to dismiss the complaint on August 26, 2005. Sudan appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the denial of Sudan's motion to



dismiss and remanded the case for trial. *See* <u>Rux v. Republic of Sudan</u>, 461 F.3d 461, 465-66 (4th Cir. 2006), <u>cert. denied</u>, No. 06-772, 127 S.Ct. 1325 (2007).

The case was tried on March 13 and 14, 2007. On July 25, 2007, the United States District Court for the Eastern District of Virginia entered a final judgment in favor of the personal representative of the seventeen sailors. The final judgment, as amended on August 2, 2007 (the "Judgment"), awarded Petitioner amounts totaling, inclusive of interest through the date of judgment, the sum of $12,275,860.00. As of April 20, 2009, the amount owed on the Judgment, inclusive of interest at the federal rate of 4.99% and taxable costs, will be $13,428,943.84. Interest at 4.99% will continue to accrue thereafter at a rate of $1,678.26 per day. No portion of the Judgment has been satisfied.

### Commencement of Execution Proceedings in New York

On December 4, 2007, Petitioners began execution proceedings by serving writs of garnishment on certain banks seeking to execute on funds belonging to Sudan or its agencies or instrumentalities. Thereafter this Court, in response to a request by counsel for certain respondents, ordered counsel for certain persons to meet on January 15, 2008 to resolve or narrow issues regarding satisfaction of the Judgment. That meeting did not result in an agreement to satisfy the Judgment.

Petitioners filed this turnover proceeding on April 21, 2008. Petitioners sought the turnover of any assets of Sudan or any of its agencies or instrumentalities held by the respondent banks, which include ABN Amro Bank N.V., American Express Bank, Ltd. ("AEB"), Bank of America, N.A., Bank of China, The Bank of New York Mellon ("BNY"), Citibank, N.A. ("Citi"), Deutsche Bank, A.G. and its subsidiary Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank"), HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A. ("JPM

Chase"), and the Federal Reserve Bank of New York ("New York Fed") (collectively, the "Respondent Banks").[1] Each of the Respondent Banks was alleged to be holding funds of the Republic of Sudan and/or its agencies or instrumentalities that the Office of Foreign Assets Control of the Department of the Treasury ("OFAC") identified to Petitioners as having been blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538.

### Transfer of Funds to Court Registry and Notice to Interested Parties

At a court conference on May 28, 2008 and in a subsequent Order Regulating Proceedings dated June 26, 2008, the Court instructed the parties to develop (1) a discovery procedure to identify blocked accounts that may belong to Sudan or its agencies or instrumentalities, (2) a procedure for adjudicating Petitioners' claim against the accounts, and (3) a method of notifying any third parties that may have a claim to the blocked accounts and giving such parties the opportunity to be heard. *See* Order Regulating Proceedings dated June 26, 2008.

Thereafter, following discovery and the submission of proposals to the Court concerning notice to third party claimants, the Court entered an Order Regulating Proceedings dated July 29, 2008 (the "July 29 Order") which, as subsequently amended, directed the Respondent Banks to transfer to the Court's registry all accounts at issue with a value equal to or exceeding $50,000. The July 29 Order further directed the Respondent Banks to give notice to "any and all persons who originated or deposited funds into the accounts that are to be transferred to the Clerk . . . and to any other individuals who respondents reasonably believe may have an interest in said funds." It further provided that the "[c]ost of effecting notice shall be taxed against the ultimate disbursement of the accounts."

---

[1] Certain of the Respondent Banks were joined as parties following the filing of the Petition.

Thereafter, the Court entered an Order with Respect to Giving Notice of Turnover Proceeding that was dated September 9, 2008 and entered on September 10, 2008 (the "September 10 Order") that established the form and method of giving notice to third party claimants. The July 29 Order, as amended on August 5, 2008, and the September 10 Order, as subsequently amended by orders dated September 11, 17 and 26 and October 10, 17, and 28, 2008 (collectively, the "Notice Orders"), set a September 23, 2008 deadline for giving notice to third party claimants, specified the content of the notice to be delivered to third party claimants, identified certain pleadings and orders to be delivered together with the notice, required the translation of certain documents into Arabic for claimants residing in Sudan or a country where the official language is Arabic, and directed the Respondent Banks to publish a notice advising third parties of the proceeding in the International Herald Tribune and on the internet. It further authorized the Respondent Banks, at their option, to file third party interpleader petitions against potential claimants to the accounts transferred to the Court's Registry. Petitioners were directed *to provide notice of the proceeding to the Republic of Sudan.*

The Notice Orders further directed all potential claimants to the funds transferred to the Court's Registry to submit to counsel for Petitioners and the Respondent Banks any objections they might have to the turnover of such funds to Petitioners within sixty days, i.e., by November 21, 2008, and to set forth competent evidence in support of each objection. On September 4, 2008, Petitioners served notice of this proceeding on The Republic of Sudan as directed by the Court. The Respondent Banks thereafter served notice and other specified pleadings and orders (collectively, the "Service Documents") on all potential third party claimants and other interested persons through a combination of the methods authorized by the Notice Orders. The actions taken by petitioners and the Respondent Banks in giving notice of these proceedings to potential

claimants and interested persons are evidenced in detail in numerous Declarations and Supplemental Declarations and Certificates of Service filed with the Court. *See, e.g.,* ECF Doc. Nos. 19-20, 24-31, 50, 70-98, 134-47, 161-62, 164, 165, 167.

The Court finds that the service of notice of these proceedings by Petitioners and the Respondent Banks satisfied all applicable requirements for service under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C.§ 1602 et seq. the "FSIA"), the Federal Rules of Civil Procedure ("Federal Rules"), and New York's Civil Practice Law and Rules ("CPLR"), including (without limitation) all applicable requirements for service of interpleader petitions pursuant to the Federal Rules and the CPLR. The Court further finds that all potential third party claimants were given good and sufficient notice of these proceedings, and that such notice complied with all the requirements of due process.

The Court-approved notices that were included in the Service Documents sent to claimants and published as directed in the Notice Orders informed interested parties that, unless they objected in writing by the specified deadline, the Court could (i) find that they had defaulted and forfeited any right they might have to the funds transferred to the Court's Registry, (ii) award such funds to Petitioners in satisfaction of the Judgment, and (iii) discharge the Respondent Banks from any further liability with respect to such funds. Notwithstanding notice of these potential consequences of failing to file objections, no objections were filed by the deadline with respect to a number of accounts.

## Petitioner's Motion for Immediate Turnover of Funds

On December 10, 2008, Petitioner Timothy Sceviour filed a Motion for Immediate Turnover of Funds requesting that funds from certain accounts as to which no objection had been made be turned over in satisfaction of the Judgment. After receiving written submissions from the parties and the United States of America and conducting a hearing on February 19, 2009, 33 such accounts were identified as to which no objections have been asserted by any potential third party claimant (the "Uncontested Accounts").[2] The Uncontested Accounts, identified in further detail below, consist of (i) deposit accounts blocked by the Respondent Banks (or their predecessors) pursuant to the Sudanese Sanctions Regulations ("Blocked Deposit Accounts"), and (ii) accounts which were established by the Respondent Banks to hold the proceeds of wire transfers blocked pursuant to the Sudanese Sanctions Regulations ("Blocked Wire Accounts").

All of the funds in the Uncontested Accounts were held by the Respondent Banks in accounts located within the State of New York, and all of the funds in those Uncontested Accounts, except for the funds held by the New York Fed, were paid into the Registry of this Court in August 2008. This Court has jurisdiction to determine the rights of claimants, potential claimants and other persons in the funds held in those Uncontested Accounts to the extent necessary for the entry of this Judgment and Order.

As set forth in detail below, the Court finds that each of the Uncontested Accounts is a blocked asset of the Republic of Sudan or its agencies or instrumentalities that is subject to execution to satisfy Petitioners' Judgment under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, codified as a note to 28 U.S.C. § 1610. The Court further finds that the

---

[2] For these purposes, the Court deemed an account "contested" even if an untimely objection was received. The 33 Uncontested Accounts do not include all accounts as to which no objections were filed, because Petitioners chose not to seek the turnover of certain accounts as to which no objections were received.

Respondent Banks are entitled to receive from the Uncontested Accounts the reasonable attorneys' fees and costs to which they are entitled under the July 29 Order, the CPLR, the New York Banking Law, and the common law governing interpleader proceedings.

### The Uncontested Accounts Are Subject to the Terrorism Risk Insurance Act

The Terrorism Risk Insurance Act of 2002, Pub.L.107-297 ("TRIA") provides in section 201(a) that:

> [I]n every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under Section 1605(a)(7) of Title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. (emphasis added).

A terrorist party is defined by TRIA § 201(d)(4) as a terrorist, a terrorist organization (as defined in section 212(a)(3)(B)(iv) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi))), or a foreign state designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371). Since 1993, the U.S. Dept of State has designated Sudan as a state sponsor of terrorism. Sudan is therefore a terrorist party as that term is used in TRIA § 201.

The record before the Court establishes that the Judgment is a "judgment . . . on a claim based upon an act of terrorism" within the meaning of TRIA § 201.

The amounts to be turned over pursuant to this Judgment and Order are for compensatory damages as that term is used in TRIA § 201(a).

Petitioners have established that the Uncontested Accounts are blocked assets of Sudan or its agencies and instrumentalities within the meaning of TRIA § 201(a). Accordingly, any funds

held in the Uncontested Accounts may be used to satisfy Petitioners' Judgment.  Sudan and its affected agencies and instrumentalities have been properly notified of these proceedings and have made no effort to submit any claim to or oppose the turnover of the Uncontested Accounts.

### Blocked Deposit Accounts at Issue in Turnover Motion

The following twelve Uncontested Accounts are Blocked Deposit Accounts that were maintained at the Respondent Banks by the Republic of Sudan or its agencies or instrumentalities prior to their transfer to the Court's registry:

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| AEB | Bank of Khartoum | xxxxxx0004 | $215,730.62 |
| AEB | Bank of Khartoum | xxxxxx0005 | $102,624.36 |
| AEB | Bank of Sudan | xxxxxxx0006 | $206,342.05 |
| AEB | Bank of Sudan | xxxxxx0006 | $113,040.95 |
| BNY | Bank of Khartoum | xxxxxx8400 | $447,570.45 |
| BNY | El Nilein Bank – Khartoum | xxxxxxx8400 | $310,492.83 |
| Citi | Bank of Khartoum | xxxx2081 | $343,898.10 |
| Citi | Bank of Sudan | xxxx6777 | $166,913.44 |
| Deutsche Bank | Bank of Khartoum | xx-xx2-272 | $1,814,253.07 |
| JPM Chase | Bank of Khartoum | xxxxx7413 | $1,067,226.68 |
| JPM Chase | El Nilein Bank | xxxxx7391 | $97,921.92 |

| Federal Reserve Bank of New York | Bank of Sudan | N/A | $2,136,560.92[3] |
|---|---|---|---|
| **TOTAL** | | | **$7,022,575.39** |

The Court finds that all funds from these accounts are assets of Sudan or its agencies or instrumentalities that are subject to execution under TRIA.

As to the blocked account held at the Federal Reserve Bank of New York, no objection to the turnover motion was raised by the account holder, the Bank of Sudan, and accordingly, these funds are subject to turnover pursuant to this Judgment and Order.  Moreover, the broad central bank immunity provided by the FSIA is inapplicable to the Bank of Sudan, an instrumentality of a state sponsor of terrorism.  See TRIA § 201(a); Weininger v. Castro, 462 F.Supp.2d 457 (S.D.N.Y. 2006); Hill v. Republic of Iraq, No. Civ.A. 1:99CV03346TP, 2003 WL 21057173 (D.D.C. Mar. 11, 2003).

**Blocked Wire Accounts at Issue in Turnover Motion**

The remaining 21 Uncontested Accounts are Blocked Wire Accounts that were held at the following banks prior to their transfer to the Court's registry.

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| AEB | Bank of Khartoum | Beneficiary | xxxxxx0002 | $119,934.40 |
| BNY | Sudan Airways | Originator | xxxxxxx8400 | $209,689.51 |
| Citi | El Nilein | Beneficiary | xxxx3248 | $266,949.18 |

---

[3]  This amount represents the balance in this account as of August 25, 2008 rather than the amount as of the date of transfer into the Registry of the Court.

| Citi | El Nilein | Beneficiary | xxxx3248 | $207,685.01 |
|------|-----------|-------------|----------|-------------|
| Citi | Giad Automotive | Originator | xxxx3248 | $405,925.29 |
| Deutsche Bank | Bank of Khartoum | Beneficiary | xxx3561 | $80,503.42 |
| Deutsche Bank | Bank of Sudan | Beneficiary | xxx3545 | $137,465.83 |
| Deutsche Bank | El Nilein | Beneficiary | xxx4441 | $127,828.88 |
| Deutsche Bank | El Nilein | Beneficiary | xxx3529 | $98,713.95 |
| Deutsche Bank | El Nilein | Beneficiary | xxx3510 | $78,947.22 |
| Deutsche Bank | Sudan Airways | Beneficiary | xxx4329 | $172,558.83 |
| Deutsche Bank | Sudan Airways | Beneficiary | xxx4740 | $223,587.67 |
| Deutsche Bank | Sudan Shipping | Beneficiary | xxx4492 | $76,673.85 |
| Deutsche Bank | Sudanese Free Zone and Market Co. | Beneficiary | xxx4265 | $252,996.47 |
| Deutsche Bank | Sudanese Petroleum | Beneficiary | xxx4652 | $56,345.51 |
| JPM Chase | Bank of Khartoum | Originator | xxxxx7847 | $50,621.47 |
| JPM Chase | Bank of Khartoum | Beneficiary | xxxxx7411 | $144,937.45 |
| JPM Chase | Bank of Sudan | Originator | xxxxx7138 | $404,052.56 |
| JPM Chase | Bank of Sudan | Beneficiary | xxxxx7707 | $202,559.03 |
| JPM Chase | El Nilein | Beneficiary | xxxxx7456 | $54,945.94 |
| JPM Chase | Ministry of Finance | Originator | xxxxx3839 | $4,432,678.55 |
| **TOTAL** | | | | **$7,805,600.02** |

Based on the evidence submitted by Petitioners, and after considering all issues raised by the parties and by the United States of America, the Court finds that, in the particular facts and circumstances presented by this case, the funds in these accounts are assets of Sudan or its agencies or instrumentalities that are subject to execution under TRIA.

### Discharge of Respondent Banks and Award of Attorneys' Fees

Deutsche Bank, JPM Chase, and BNY have filed petitions seeking interpleader relief against potential claimants to the accounts formerly in their custody. The remaining Respondent Banks have likewise served notice on adverse claimants and sought relief in the nature of interpleader. Further, this Court's July 29 Order and the other Notice Orders effectively converted this proceeding into an action in the nature of interpleader with respect to all of the Respondent Banks.

The Court finds that all of the Respondent Banks are entitled to two forms of interpleader relief generally awarded to neutral stakeholders who deposit contested property with the Court: (i) an order discharging the stakeholder from any further liability with respect to the property, as provided below, and (ii) an award of reasonable attorneys' fees and costs, which is dealt with in a separate Judgment and Order. *See Weininger v. Castro*, 462 F. Supp. 2d 457, 499-502 (S.D.N.Y. 2006); CPLR § 1006(f); N.Y. Banking Law § 134, subd. 6.

### *Payment of Judgment and Reasonable Attorneys' Fees*

The Uncontested Accounts contained a total of $14,760,916.24 as of the date of their transfer to the Court's Registry. This amount is more than sufficient to (i) satisfy the Judgment and all interest accrued thereon through April 20, 2009 ($13,428,943.84); and (ii) pay $115,000.00 in attorneys' fees and costs to the Respondent Banks as directed by this Court's order dated April 3, 2009 (the "April 3 Fee Order").

Accordingly, as set forth in greater detail below, the Court shall (a) direct the Clerk of Court ("Clerk") to satisfy the Judgment from the funds transferred to the Court's Registry from the Uncontested Accounts, and (b) set aside $115,000 from the funds transferred to the Court's Registry from the Uncontested Accounts to be used to satisfy the Respondent Banks' motion for an award of attorneys fees and costs as directed in the April 3 Fee Order. Upon issuance of an appropriate license by OFAC, all amounts remaining in the Uncontested Accounts after satisfaction of the Judgment (and all accrued interest) and payment of the reasonable attorneys fees and costs of the Respondent Banks shall be returned to the Respondent Banks to be held in blocked accounts pursuant to the Sudanese Sanctions Regulations.

For the foregoing reasons, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Federal Reserve Bank of New York has agreed to and shall promptly, within twenty-one (21) days of the date of entry of this Judgment and Order, transfer control of the funds held by it in an account in the name of the Bank of Sudan, in the amount of $2,115,471.11 plus accrued interest to date, into the Registry of this Court for the Southern District of New York's Court's Registry Investment System ("CRIS"). CRIS accepts wire transfers through an account with the U.S. Treasury, Agency Locator Number 4654, Routing Number 021030004, and the Comments Field shall state as follows: 08 Civ. 6588 (AKH) (S.D.N.Y.) (Olivia Rux, et al. v. ABN-Amro Bank N.V. et al.). For questions regarding the transfer procedure, contact the Court's Financial Administrator, Michael Lindner or Assistant Financial Administrator Diana Gustaferri at (212) 805-0600.

2. Thirty days from the date of entry of this Judgment and Order, the Clerk shall issue a check payable to the order of Hall, Lamb and Hall, P.A. Trust Account in the amount of $13,428,943.84, plus interest calculated at the rate of $1,678.26 per day from April 20, 2009 to

the date of issuance of the check ("Petitioner's Check"), which shall be deposited into the trust account of Hall, Lamb & Hall, P.A. in satisfaction of the Judgment.  The Clerk's office shall hold the check for pick-up and is authorized and directed to deliver the check to Edward H. Rosenthal, Esq. or Nicole I. Hyland, Esq. of Frankfurt Kurnit Klein & Selz P.C. upon presentation of appropriate photo identification.

3.      In further satisfaction of the Judgment, an additional $115,000.00 of the funds transferred to the Court's Registry from the Uncontested Accounts shall be set aside, as directed in the April 3 Fee Order, to reimburse the Respondent Banks for their attorneys' fees and costs. The specific amounts to be paid to each of the Respondent Banks as reimbursement for attorneys' fees and costs and the procedures for making such payments will be the subject of a separate Judgment and Order.

4.      All payments made by the Clerk to pay Petitioners' Check or satisfy the Respondent Banks' pending applications for fees and costs shall be deemed allocated among the Uncontested Accounts on a pro rata basis as shown in Exhibit A.

5.      Any funds transferred to the Court's Registry from the Uncontested Accounts and remaining in the Registry after satisfaction of Petitioners' Check and the payment of attorneys' fees and costs to the Respondent Banks shall be returned to the Respondent Banks.  The specific amounts to be returned to each Respondent Bank shall be the subject of an additional Judgment and Order to be entered following (i) the payment of Petitioners' Check, (ii) payment of the reasonable attorneys' fees and costs of the Respondent Banks, and (iii) the issuance of an appropriate license or licenses by OFAC permitting the return of funds to the Respondent Banks. The Respondent Banks are directed to submit a proposed Judgment and Order governing the return of these funds following the occurrence of all of the foregoing events.

6.     The Respondent Banks are hereby discharged from any and all liability to Petitioners, any and all third-party respondents named in the third-party petitions served by the Respondent Banks, any third party claimant, or any other person or entity, with respect to the Uncontested Accounts, with the exception of liability for any funds which may be returned to the Respondent Banks from such Uncontested Accounts.

7.     Petitioners, the third-party respondents named in the third-party petitions served by the Respondent Banks, all adverse claimants served with notice of this proceeding, and all other persons or entities with notice of this Judgment and Order are hereby restrained and enjoined from instituting any future proceedings against the Respondent Banks with respect to the Uncontested Accounts, with the exception of any proceedings with respect to funds returned to the Respondent Banks from such Uncontested Accounts.

8.     In addition to the Uncontested Accounts, the funds held by the Respondent Banks in certain other accounts (the "Other Accounts") were paid into the Court's Registry by the Respondent Banks in or about August 2008 pursuant to the July 29 Order, as amended. These Other Accounts are identified in Exhibit B. The amount transferred to the Registry of this Court from each of the Other Accounts, together with any interest accrued on such amount while it was held in the Court's Registry, shall be returned to the Respondent Bank that transferred such Other Account to the Court's Registry. The specific amounts to be returned to each Respondent Bank shall be the subject of an additional Judgment and Order to be entered following (i) the payment of Petitioners' Check, (ii) payment of the reasonable attorneys' fees and costs of the Respondent Banks, and (iii) the issuance of an appropriate license or licenses by OFAC permitting the return of funds to the Respondent Banks. The Respondent Banks are directed to

submit a proposed Judgment and Order governing the return of these funds following the occurrence of all of the foregoing events.

9.    This Judgment and Order is without prejudice to the rights and/or claims of any person who may have or claim an interest in or to such Other Accounts, including any claim to recover or be paid all or any part of the funds in any of the Other Accounts, and this Judgment and Order does not purport to adjudicate or determine the rights of any such person in or to any of the Other Accounts.

10.    All restraining notices served by Petitioners with respect to the Uncontested Accounts and Other Accounts are hereby vacated and shall be null and void following the issuance and payment of Petitioners' Check.

11.    This Judgment and Order shall be filed under seal, but a redacted version of this Judgment and Order, redacted to delete all but the last four digits of any bank account number, shall be electronically filed by counsel for the Respondent Banks so as to be publicly available.

12.    This Judgment and Order is a final judgment, within the meaning of Rule 54 of the Federal Rules, and there is no just reason for delay in the entry of the Judgment and Order.

SO ORDERED.

Dated:      April 14, 2009
            New York, New York

_Lincoln M. Word_
United States District Judge
Part I

Exhibit A

**Value of Uncontested Accounts and Pro Rata Allocation of Judgment and Fee Award**

| Respondent Bank | Sudanese Entity | Bank's Internal Account Number | Value (as of Registry Transfer Date) | Percentage of Total Value of Uncontested Accounts and Proportionate Share of Judgment and Fee Awards | Pro Rata Share of April 20 Judgment Amt. |
|---|---|---|---|---|---|
| American Express | Bank of Khartoum | xxxxx70002 | $119,934.40 | 0.81% | $108,617.03 |
| American Express | Bank of Khartoum | xxxxxx0004 | $215,730.62 | 1.45% | $195,373.62 |
| American Express | Bank of Khartoum | xxxxxx0005 | $102,624.36 | 0.69% | $92,940.41 |
| American Express | Bank of Sudan | xxxxxx0006 | $206,342.05 | 1.39% | $186,870.99 |
| American Express | Bank of Sudan | xxxxxx0006 | $113,040.95 | 0.76% | $102,374.06 |
| BNY | Bank of Khartoum | xxxxxx8400 | $447,570.45 | 3.02% | $405,336.35 |
| BNY | El Nilein Bank | xxxxxx8400 | $310,492.83 | 2.09% | $281,193.79 |
| BNY | Sudan Airways | xxxxxx8400 | $209,689.51 | 1.41% | $189,902.57 |
| JPM Chase | Bank of Khartoum | xxxxx7847 | $50,621.47 | 0.34% | $45,844.67 |
| JPM Chase | Bank of Khartoum | xxxxx7411 | $144,937.45 | 0.98% | $131,260.71 |
| JPM Chase | Bank of Khartoum | xxxxx7413 | $1,067,226.68 | 7.20% | $966,519.94 |
| JPM Chase | Bank of Sudan | xxxxx7138 | $404,052.56 | 2.72% | $365,924.94 |
| JPM Chase | Bank of Sudan | xxxxx7707 | $202,559.03 | 1.37% | $183,444.95 |

{83310012790.1}16

| Respondent Bank | Sudanese Entity | Bank's Internal Account Number | Value (as of Registry Transfer Date) | Percentage of Total Value of Uncontested Accounts and Proportionate Share of Judgment and Fee Awards | Pro Rata Share of April 20 Judgment Amt. |
|---|---|---|---|---|---|
| JPM Chase | El Nilein | xxxxx7456 | $54,945.94 | 0.37% | $49,761.07 |
| JPM Chase | El Nilein Bank | xxxxx7391 | $97,921.92 | 0.66% | $88,681.71 |
| JPM Chase | Ministry of Finance | xxxxx3839 | $4,432,678.55 | 29.89% | $4,014,397.57 |
| Citibank | Bank of Sudan | xxxx6777 | $166,913.44 | 1.13% | $151,162.98 |
| Citibank | El Nilein | xxxx3248 | $266,949.18 | 1.80% | $241,759.05 |
| Citibank | El Nilien | xxxx3248 | $207,685.01 | 1.40% | $188,087.22 |
| Citibank | Giad Automotive | xxxx3248 | $405,925.29 | 2.74% | $367,620.95 |
| Citibank | Bank of Khartoum | xxxx2081 | $343,898.10 | 2.32% | $311,446.83 |
| Deutsche Bank | Bank of Khartoum | xxx3561 | $80,503.42 | 0.54% | $72,906.87 |
| Deutsche Bank | Bank of Khartoum | xx-xx2-272 | $1,814,253.07 | 12.24% | $1,643,054.65 |
| Deutsche Bank | Bank of Sudan | xxx3545 | $137,465.83 | 0.93% | $124,494.14 |
| Deutsche Bank | El Nilein | xxx4441 | $127,828.88 | 0.86% | $115,766.56 |
| Deutsche Bank | El Nilein | xxx3529 | $98,713.95 | 0.67% | $89,399.00 |
| Deutsche Bank | El Nilein | xxx3510 | $78,947.22 | 0.53% | $71,497.52 |
| Deutsche Bank | Sudan Airways | xxx4329 | $172,558.83 | 1.16% | $156,275.66 |
| Deutsche Bank | Sudan Airways | xxx4740 | $223,587.67 | 1.51% | $202,489.26 |

{8331\00112790.1}

| Respondent Bank | Sudanese Entity | Bank's Internal Account Number | Value (as of Registry Transfer Date) | Percentage of Total Value of Uncontested Accounts and Proportionate Share of Judgment and Fee Awards | Pro Rata Share of April 20 Judgment Amt. |
|---|---|---|---|---|---|
| Deutsche Bank | Sudan Shipping | xxx4492 | $76,673.85 | 0.52% | $69,438.67 |
| Deutsche Bank | Sudanese Free Zone and Market Co. | xxx4265 | $252,996.47 | 1.71% | $229,122.96 |
| Deutsche Bank | Sudanese Petroleum | xxx4652 | $56,345.51 | 0.38% | $51,028.58 |
| New York Fed | Bank of Sudan | N/A | $2,136,560.92 | 14.41% | $1,934,948.56 |
| | | | | | |
| | | **Total** | $14,828,175.41 | 100.00% | $13,428,943.84 |

18

**Exhibit B**

**"Other Accounts" To Be Returned to Respondent Banks**

19

{8331\001\2790.1}

ACCOUNTS TO BE RETURNED TO ABN AMRO BANK N.V. ("ABN AMRO")

**Blocked Wire Accounts**

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| ABN AMRO | Sudan Embassy, Riyadh | Originator | xxxxxxxx4771 | $100,728.66 |
| ABN AMRO | Bank of Sudan | Beneficiary's Bank | xxxxxxxx1871 | $50,120.24 |
| **TOTAL** | | | | $150,848.90 |

ACCOUNTS TO BE RETURNED TO AMERICAN EXPRESS BANK, LTD. ("AEB")

**Blocked Deposit Accounts**

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| AEB | Sudanese Estate Bank | xxxxxx0009 | $65,654.12 |
| AEB | Sudanese Estate Bank | xxxxxx0010 | $85,663.81 |
| AEB | Sudanese Estate Bank | xxxxxx0002 | $90,932.42 |
| AEB | Al Shamal Islamic Bank | xxxxxxx0007 | $55,189.53 |
| TOTAL | | | $297,439.88 |

**Blocked Wire Accounts**

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| AEB | El-Nilein Bank | Beneficiary Bank | xxxxxx0001 | $93,139.29 |
| TOTAL | | | | $93,139.29 |

ACCOUNTS TO BE RETURNED TO BANK OF AMERICA, N.A. ("BANA")

### Blocked Deposit Accounts

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| BANA | Bank of Khartoum | xxxxxx2039 | $74,533.73 |
| TOTAL | | | $74,533.73 |

### Blocked Wire Accounts

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| BANA | Sudan Airways | Originator of Wire | xxxxxx6064 | $201,545.12 |
| TOTAL | | | | $201,545.12 |

ACCOUNTS TO BE RETURNED TO THE BANK OF CHINA ("BOC")

**Blocked Wire Accounts**

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| BOC | Khartoum Refinery Company LTD | Ordering Party | xxx0060 | $510,324.06 |
| BOC | Bank of Khartoum | Beneficiary Bank | xxx5435 | $56,106.01 |
| **TOTAL** | | | | $566,430.07 |

ACCOUNTS TO BE RETURNED TO THE BANK OF NEW YORK MELLON ("BNY")

**Blocked Wire Accounts**

| Respondent Bank | Party on OFAC Sanctions List | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| BNY | The Sudanese Petroleum Corporation | Beneficiary | xxxxxx8400 | $993,111.09 |
| BNY | El Nilein Industrial Development Bank Group | Originator's Bank | xxxxxx8400 | 104,808.44 |
| BNY | Bank of Sudan | Originator/ Originator's Bank | xxxxxx8400 | 489,560.44 |
| **TOTAL** | | | | $1,587,479.97 |

ACCOUNTS TO BE RETURNED TO CITIBANK, N.A. ("CITI")

## Blocked Deposit Accounts

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| Citi | Islamic Cooperative Development Bank | xxxx6733 | $59,580.72 |
| Citi | Idbs Technical Support Rfa | xxxx4664 | $163,859.23 |
| **TOTAL** | | | $223,439.95 |

## Blocked Wire Accounts

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| Citi | Blue Nile | Beneficiary of Wire | Sudan Global Blocked Account xxxx3248 | $148,266.38 |
| Citi | Sudan Airways | Originator of Wire | Sudan Global Blocked Account xxxx3248 | $231,672.20 |
| Citi | National Electricity Corp./ Al-Mabara Trading Est. | Originator of Wire/ Beneficiary | Sudan Global Blocked Account xxxx3248 | $207,685.01 |
| **TOTAL** | | | | $587,623.59 |

ACCOUNTS TO BE RETURNED TO DEUTSCHE BANK TRUST COMPANY AMERICAS ("DBTCA")

### Blocked Deposit Accounts

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| DBTCA | Farmers Commercial Bank | xx-xx0-872 | $79,259.52 |
| TOTAL | | | $79,259.52 |

### Blocked Wire Accounts

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| DBTCA | El Nilein | Beneficiary Bank | xxx4353 | $1,245,226.62 |
| DBTCA | Sudan Airways | Originator of Wire | xxx3537 | $496,443.13 |
| DBTCA | National Electricity Corp./ Al-Mabara Trading Est. | Originator of Wire/ Beneficiary | xxx4038 | $189,278.97 |
| DBTCA | Bank of Khartoum | Beneficiary Bank/ Beneficiary | xxx3633 | $108,826.35 |
| DBTCA | El Nilein | Beneficiary | xxx4783 | $94,532.90 |
| DBTCA | Bank of Khartoum | Beneficiary | xxx4097 | $60,090.95 |
| DBTCA | Sudan Telecommunication Company LTD. (Sudatel) | Beneficiary | xx-xx3-727 | $92,256.92 |
| TOTAL | | | | $2,286,655.84 |

ACCOUNTS TO BE RETURNED TO HSBC BANK USA, N.A. ("HSBC")

**Blocked Wire Accounts**

| Respondent Bank | Sudanese Entity | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| HSBC | Sudanese Petroleum Corp. | Beneficiary | xxx-xx0195 | $2,704,739.82 |
| HSBC | El Nilein Industrial Development Bank | Originator | xxx-xx9457 | $382,246.83 |
| HSBC | Islamic Cooperative Development Bank | Beneficiary | xxx-xx3119 | $61,302.00 |
| HSBC | Bank of Khartoum | Beneficiary | xxx-xx2976 | $323,857.62 |
| **TOTAL** | | | | $3,472,146.27 |

ACCOUNTS TO BE RETURNED TO JPMORGAN CHASE BANK, N.A. ("JPM CHASE")

### Blocked Deposit Accounts

| Respondent Bank | Name of Account Holder | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|
| JPM Chase | AT&T | xxxxx0891 | $246,939.14 |
| TOTAL | | | $246,939.14 |

### Blocked Wire Accounts

| Respondent Bank | Party on OFAC Sanctions List | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| JPM Chase | Not applicable | Not applicable | xxxxx0145 | 423,034.03 |
| JPM Chase | Bank of Khartoum | Beneficiary's Bank | xxxxx1958 | 342,917.66 |
| JPM Chase | Not applicable | Not applicable | xxxxx2565 | 168,000.66 |
| JPM Chase | Sudatel | Beneficiary | xxxxx7804 | 120,163.42 |
| JPM Chase | Bank of Khartoum | Beneficiary's Bank | xxxxx7596 | 96,713.70 |
| JPM Chase | Bank of Khartoum | Beneficiary's Bank | xxxxx5370 | 87,336.23 |
| JPM Chase | El Nilein Bank | Originator | xxxxxx1658 | 77,414.76 |
| JPM Chase | SudanTel | Beneficiary | xxxxx7952 | $66,413.52 |
| JPM Chase | Bank of Khartoum | Beneficiary's Bank | xxxxx0919 | 59,796.10 |
| JPM Chase | Bank of Sudan | Beneficiary's Bank | xxxxx3235 | 59,259.45 |
| JPM Chase | El Nilein Bank | Beneficiary's Bank | xxxxx8444 | 55,730.96 |
| JPM Chase | Port Sudan Cotton Co. | Beneficiary | xxxxx4477 | 55,204.61 |
| JPM Chase | El Nilein Bank | Beneficiary | xxxxx2242 | 175,782.63 |

ACCOUNTS TO BE RETURNED TO JPM CHASE (PAGE 2)

**Blocked Wire Accounts (Continued)**

| Respondent Bank | Alleged Agency or Instrumentality of Republic of Sudan | Nature of Interest | Account Number | Amount (as of date of transfer to Registry) |
|---|---|---|---|---|
| JPM Chase | Bank of Khartoum | Beneficiary | xxxxx8686 | 227,053.11 |
| **TOTAL** | | | | $2,014,820.84 |